**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| **BRIAN A. BRYANT, et al.,** | **CASE NO. 1:20-CV-02214** |
| **Plaintiffs,** | |
| -vs- | **JUDGE PAMELA A. BARKER** |
| **STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, et al.,** | **MEMORANDUM OF OPINION AND ORDER** |
| **Defendants.** | |

This matter comes before the Court upon the Motion to Transfer Venue ("Motion to Transfer") of Defendants Robert Shepherd ("Shepherd") and Dakota Carriers, Inc. ("Dakota Carriers") (collectively, the "Moving Defendants"), filed on October 13, 2020. (Doc. No. 8.) On October 30, 2020, Plaintiffs Brian Bryant and Ginger Bryant (collectively, "Plaintiffs") filed a Joint Motion to Remand and Brief in Opposition to the Moving Defendants' Motion to Transfer ("Motion to Remand"), to which the Moving Defendants replied on November 30, 2020. (Doc. Nos. 12, 19.) For the following reasons, Plaintiffs' Motion to Remand (Doc. No. 12) is GRANTED IN PART and DENIED IN PART, and the Moving Defendants' Motion to Transfer (Doc. No. 8) is GRANTED.

**I.    Background**

Plaintiffs allege that on September 5, 2018, in the Township of Antrim, Wyandot County, Ohio, Shepherd was operating a motor vehicle and made an improper U-turn and/or otherwise negligently caused a collision with a motor vehicle being driven by Brian Bryant. (Doc. No. 1-1 at ¶ 2.) According to Plaintiffs, Shepherd was acting in the course and scope of his employment with Dakota Carriers when the collision occurred. (*Id.* at ¶ 6.) As a result of the accident, Plaintiffs allege

that Brian Bryant required medical care and suffered severe and permanent personal injuries, a loss of time and income from employment, great pain of body and mind, a loss of enjoyment of life, and mental anguish, and that Ginger Bryant suffered a loss of her husband's care, comfort, services, and consortium. (*Id.* at ¶¶ 4, 17.)

On August 28, 2020, Plaintiffs filed a Complaint in the Court of Common Pleas of Cuyahoga County, Ohio against Shepherd and Dakota Carriers, as well as Defendants State Farm Automobile Insurance Company ("State Farm"), Community Insurance Company ("Community Insurance"), John Does 1-5, and John Doe Corporation 1. (Doc. No. 1-1.) Plaintiffs set forth a claim for negligence against Shepherd and a claim for negligent entrustment against Dakota Carriers. (*Id.* at ¶¶ 2-3.) Plaintiffs also allege that Dakota Carriers is vicariously liable for the negligence of its employee, Shepherd. (*Id.* at ¶¶ 6-7.) With respect to State Farm, Plaintiffs allege that Brian Bryant was insured under a motor vehicle policy issued by State Farm and that Plaintiffs are entitled to uninsured/underinsured coverage under the State Farm policy, as Dakota Carriers may be an underinsured motorist as defined in the policy. (*Id.* at ¶¶ 13-15.) Finally, with respect to Community Insurance, Plaintiffs allege that Brian Bryant was insured under a health insurance policy issued by Community Insurance and that "there may be a justiciable issue and/or controversy between Plaintiffs and Community Insurance Company concerning any subrogation and/or reimbursement provisions contained in the policy pertaining to the payment of benefits to Plaintiffs, or on their behalf, under the health insurance portion of the policy." (*Id.* at ¶¶ 22-23.) Plaintiffs seek a declaratory judgment against Community Insurance concerning the rights and obligations of the parties pursuant to the terms of the insurance policies involved. (*Id.* at Pg. 8.)

On September 30, 2020, the Moving Defendants removed the state court action to this Court on the basis of diversity jurisdiction. (Doc. No. 1.) Shortly thereafter, on October 13, 2020, the Moving Defendants filed their Motion to Transfer, requesting that the Court transfer this case to the Western Division of the United States District Court for the Northern District of Ohio. (Doc. No. 8.) On October 30, 2020, Plaintiffs filed their Motion to Remand, seeking a remand of the case and, alternatively, opposing the Moving Defendants' transfer request. (Doc. No. 12.) The Moving Defendants replied to Plaintiffs' filing on November 30, 2020. (Doc. No. 19.) State Farm and Community Insurance have not responded to either the Moving Defendants' Motion to Transfer or Plaintiffs' Motion to Remand.

## II. Plaintiffs' Motion to Remand

### a. Standard of Review

The Court will consider Plaintiffs' Motion to Remand first, as jurisdiction is a threshold matter that must be decided before the Court may rule on other issues. *See Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 577 (1999) ("The requirement that jurisdiction be established as a threshold matter . . . is inflexible and without exception . . . for [j]urisdiction is power to declare the law, and [w]ithout jurisdiction the court cannot proceed at all in any cause.") (internal quotations and citations omitted).

Pursuant to 28 U.S.C. § 1447(c), "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." In addition, "[a]s a court of limited jurisdiction, a federal district court must proceed cautiously in determining that it has subject matter jurisdiction." *Petrofski v. Chrysler LLC*, No. 5:07CV3619, 2008 WL 5725581, at *2 (N.D. Ohio Jan. 17, 2008). Accordingly, "[a]ll doubts as to the propriety of removal are resolved in favor of remand." *Coyne v. Am. Tobacco Co.*, 183 F.3d 488, 493 (6th Cir. 1999). The party seeking

removal also bears the burden of showing that federal jurisdiction exists. *See Rogers v. Wal-Mart Stores, Inc.*, 230 F.3d 868, 871 (6th Cir. 2000). A court "has wide discretion to allow affidavits, documents and even a limited evidentiary hearing to resolve disputed jurisdictional facts." *Ohio Nat'l Life Ins. Co. v. United States*, 922 F.2d 320, 325 (6th Cir. 1990).

### b. Analysis

In their Motion to Remand, Plaintiffs assert that federal jurisdiction is lacking because there is not complete diversity among the parties. (Doc. No. 12 at 4-7.) Specifically, Plaintiffs contend that they are citizens of Ohio and that Defendant Community Insurance is a citizen of Ohio as well. (*Id.*) As such, Plaintiffs argue the case should be remanded. (*Id.*) The Moving Defendants offer three arguments in response. First, the Moving Defendants appear to challenge whether Community Insurance is actually a citizen of Ohio, arguing that Community Insurance did not admit to Plaintiffs' allegations regarding its Ohio connections in its Answer to Plaintiffs' Complaint and that Community Insurance is a subsidiary of an out-of-state entity. (Doc. No. 19 at 5-6; Doc. No. 1-1 at ¶ 20; Doc. No. 6 at ¶ 20.) Second, even if Community Insurance is a citizen of Ohio, the Moving Defendants argue that its citizenship should not be considered because Plaintiffs have fraudulently joined Community Insurance to this litigation for the sole purpose of defeating diversity jurisdiction. (Doc. No. 19 at 5.) Finally, the Moving Defendants argue that the Court also may retain diversity jurisdiction by severing the claim against Community Insurance under Fed. R. Civ. P. 21 because Community Insurance is not a necessary party to the action. (*Id.* at 6.) Upon review of the parties' arguments, the Court concludes that Community Insurance is a dispensable party, the claim against

4

it should be severed pursuant to Rule 21 and remanded to state court, and, as a result, the Court has jurisdiction over the remaining parties.[1]

Initially, the Court notes that diversity jurisdiction exists when Community Insurance's citizenship is not considered. Federal courts have jurisdiction over all civil actions (1) "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs;" and (2) the case is between "citizens of different States." 28 U.S.C. § 1332(a). Here, there is no dispute that the amount in controversy exceeds $75,000 and that Plaintiffs are citizens of Ohio, while Shepherd is a citizen of Nebraska, Dakota Carriers is a citizen of South Dakota, and State Farm is a citizen of Illinois and Indiana. (*See* Doc. No. 1 at ¶ 2.) Accordingly, as between Plaintiffs and Shepherd, Dakota Carriers, and State Farm, the requirements for diversity jurisdiction are satisfied.

Complete diversity as required for federal jurisdiction is ruined, however, by the presence of Community Insurance as a defendant in Plaintiffs' Complaint, as Community Insurance is also allegedly a citizen of Ohio. (*See id.*; Doc. No. 1-1 at ¶ 20.) But "Rule 21 of the Federal Rules of Civil Procedure permits a district court to retain diversity jurisdiction over a case by dropping a nondiverse party if that party's presence in the action is not required under Federal Rule of Civil Procedure 19." *Safeco Ins. Co. of Am. v. City of White House, Tenn.*, 36 F.3d 540, 545 (6th Cir. 1994); *accord Soberay Mach. & Equip. Co. v. MRF Ltd., Inc.*, 181 F.3d 759, 763 (6th Cir. 1999) ("[I]t is appropriate to drop a nondiverse and dispensable party from litigation in order to achieve diversity."); *Willacy v. Marotta*, No. 1:14 CV 1858, 2014 WL 7338770, at *4 (N.D. Ohio Dec. 22,

---

[1] As such, the Court need not address the Moving Defendants' alternative arguments regarding fraudulent joinder and Community Insurance's true citizenship.

2014) ("Under Rule 21 of the Federal Rules of Civil Procedure, a court can retain jurisdiction by severing claims against non-diverse dispensable defendants.").

Thus, to determine whether Community Insurance may be dropped as a party to achieve diversity, the Court must ascertain whether it is an indispensable party under Fed. R. Civ. P. 19. *See Joseph v. Baxter Int'l Inc.*, 614 F. Supp. 2d 868, 872 (N.D. Ohio 2009). This determination involves a two-step process:

> First, under Rule 19(a), it is assessed whether the party is necessary for just adjudication. A party is necessary if: "(1) complete relief cannot be given to existing parties in his absence; (2) disposition in his absence may impair his ability to protect his interest in the controversy; or (3) his absence would expose existing parties to substantial risk of double or inconsistent obligations." *DeGidio,* 2009 WL 1867676, at *3 (N.D.Ohio June 29, 2009) (citing *Safeco Ins. Co.,* 36 F.3d at 546; Fed.R.Civ.P. 19(a)). Second, if the party is determined to be necessary, the Court proceeds to Rule 19(b) to ascertain whether he is indispensable by considering whether: 1) a judgment rendered in the party's absence would prejudice the available party; 2) such prejudice could be lessened or avoided; 3) a judgment rendered in the party's absence would be adequate; and 4) the plaintiff has an adequate remedy if the action is dismissed for nonjoinder. *Id.* (citing *Soberay,* 181 F.3d at 764).

*Willacy*, 2014 WL 7338770, at *4.

Significantly, courts have held that while partial subrogees are necessary parties under Rule 19(a), they are not indispensable under Rule 19(b). *Baker v. Minnesota Mining and Mfg. Co., Inc.*, 99 F. App'x 718, 723 (6th Cir. 2004) ("As a partial subrogee, the Special Fund is not an indispensable party: it can recover whatever it is owed in a separate action against plaintiffs Asher and Adams, if they prevail in this case."), *overruled on other grounds by Blackburn v. Oaktree Capital Mgmt., LLC*, 511 F.3d 633 (6th Cir. 2008); *Snyder Dev. Co. v. AutoZone, Inc.*, No. 2:18-cv-1274, 2019 WL 1115034, at *4 (S.D. Ohio Mar. 11, 2019) ("The Sixth Circuit has held that although a partial subrogee is a necessary party under Rule 19(a), it generally is not indispensable under Rule 19(b).");

6

*see also Fed. Ins. Co. v. Benchmark Bank*, No.: 2:17-cv-135, 2018 WL 527285, at *3 (S.D. Ohio Jan. 24, 2018).

In this case, Plaintiffs seek a declaratory judgment against Community Insurance concerning the parties' rights under Brian Bryant's insurance policy, as they allege that "there may be a justiciable issue and/or controversy between Plaintiffs and Community Insurance Company concerning any subrogation and/or reimbursement provisions contained in the policy pertaining to the payment of benefits to Plaintiffs, or on their behalf, under the health insurance portion of the policy." (Doc. No. 1-1 at ¶ 23.) As a partial subrogee that may be entitled to a portion of any recovery that Plaintiffs obtain from the Moving Defendants, Community Insurance is likely a necessary party under Rule 19(a), but it is not an indispensable party under Rule 19(b). Because Community Insurance is a dispensable party, the Court may sever the claim against it and perfect diversity jurisdiction over the remaining parties.[2] The Court also finds it is appropriate to do so in this case, as the action against the Moving Defendants concerning the alleged negligent operation of a vehicle is distinct from Plaintiffs' declaratory judgment action against Community Insurance concerning a potential subrogation claim on paid medical benefits. As such, Plaintiffs' Motion to Remand is denied, except as to their action against Community Insurance, which is severed and remanded to state court.

### III. The Moving Defendants' Motion to Transfer

In the Moving Defendants' Motion to Transfer, they argue that transferring this case to the Western Division of the United States District Court for the Northern District of Ohio is warranted

---

[2] Plaintiffs assert that Community Insurance is a real party in interest such that its citizenship must be considered for purposes of assessing diversity jurisdiction. (Doc. No. 12 at 5-6.) Even assuming that is true, however, it does not affect the Court's assessment as to whether Community Insurance is a dispensable party that may be dropped from the action pursuant to Rule 21.

7

for two reasons. First, they contend that the Eastern Division in which this Court sits is not a proper venue and, therefore, pursuant to 28 U.S.C. § 1406(a), transfer to the Western Division as the only proper venue for the action is required. (Doc. No. 8 at 2-3.) Alternatively, the Moving Defendants assert that even if venue is proper in this Court, the case should be transferred for the convenience of the parties and witnesses and in the interests of justice pursuant to 28 U.S.C. § 1404(a). (*Id.* at 3-5.) In response, Plaintiffs argue that venue is proper in Cuyahoga County, which is within the Eastern Division, because Dakota Carriers is a foreign corporation that failed to obtain a license to conduct business in Ohio and therefore can be sued in any Ohio county where it conducted business. (Doc. No. 12 at 3-4.) Plaintiffs do not respond to the Moving Defendants' arguments regarding whether transferring the action to the Western Division would be more convenient for the parties and witnesses or serve the interests of justice. Even assuming, *arguendo*, that Plaintiffs are correct in their assertion that this action was properly brought in Cuyahoga County and venue in this Court is not improper, the Court still finds that transfer to the Western Division is warranted under § 1404(a) based on the private and public interest factors discussed below.[3]

Where venue is properly in the transferor court, as Plaintiffs contend, 28 U.S.C. § 1404(a) governs transfer. *Keybanc Capital Markets v. Alpine Biomed Corp.*, No. 1:07 CV 1227, 2008 WL 828080, at *7 (N.D. Ohio Mar. 26, 2008). Pursuant to § 1404(a), "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). "As § 1404(a) permits transfer only to a 'district or division where [the case] might have been brought,' the Court must first

---

[3] Accordingly, the Court need not address the parties' arguments regarding whether venue in this Court is improper.

determine whether the action originally could have been filed in the proposed transferee court." *Keybanc*, 2008 WL 828080, at *7. None of the parties dispute that this case could have been brought in the Western Division such that this threshold requirement under § 1404(a) is satisfied. *See Picker Int'l, Inc. v. Travelers Indem. Co.*, 35 F. Supp. 2d 570, 572 (N.D. Ohio 1998).

Next, when considering a motion brought under § 1404(a), a district court evaluates factors related to "the convenience of the parties and various public-interest considerations." *Atl. Marine Constr. Co., Inc. v. U.S. Dist. Court for W. Dist. of Tex.*, 571 U.S. 49, 62 (2013). "Factors relating to the parties' private interests include 'relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses; possibility of view of premises, if view would be appropriate to the action; and all other practical problems that make trial of a case easy, expeditious and inexpensive.'" *Id.* at 62 n.6 (quoting *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 241 n.6 (1981)). Public-interest factors include "the administrative difficulties flowing from court congestion; the local interest in having localized controversies decided at home; [and] the interest in having the trial of a diversity case in a forum that is at home with the law." *Id.* (quoting *Piper*, 454 U.S. at 241 n.6.) Additionally, "[t]he Court must also give some weight to the plaintiffs' choice of forum." *Id.* "However, when the chosen forum is not the plaintiff's residence, this choice is given less consideration." *Cescato v. Anthem, Inc.*, No. 1:05–cv–2004, 2005 WL 3487974, at *2 (N.D. Ohio Dec. 21, 2005). The party requesting the transfer "bears the burden of proof to show the factors weigh 'strongly' in favor of transfer." *Goodrich Corp. v. Winterthur Int'l Am. Ins. Co.*, No. 5:02–cv–367, 2002 WL 31833646, at *6 (N.D. Ohio June 17, 2002) (quoting *Picker Int'l*, 35 F. Supp. 2d at 573). After weighing the relevant private and public factors, the court must then "decide whether, on balance, a transfer would serve 'the convenience of

9

parties and witnesses' and otherwise promote 'the interest of justice.'" *Atl. Marine*, 571 U.S. at 62-63 (quoting 28 U.S.C. § 1404(a)).

In the instant matter, the only factor that weighs against transfer is Plaintiffs' choice of forum. However, according to Plaintiffs' Complaint, Plaintiffs reside in Upper Sandusky, Ohio, which is within the Western Division. (Doc. No. 1-1 at Pg. 2.) In addition, the accident at issue occurred in the Western Division. (*Id.* at ¶ 2.) Because Plaintiffs are not residents of the Eastern Division or Cuyahoga County and the operative events did not take place in the Eastern Division, their choice of forum is given less weight and considered in the same manner as other factors. *See Cescato*, 2005 WL 3487974, at *2; *Central States, Se. & Sw. Areas Health & Welfare Fund v. Guarantee Trust Life Ins. Co.*, 8 F. Supp. 2d 1008, 1011 (N.D. Ohio 1998).

Several of the other private interest factors favor a transfer to the Western Division. While the remaining Defendants in this action all reside out of state, Plaintiffs' themselves reside in the Western Division, as noted above. Likewise, it appears that most, if not all, of the evidence and potential witnesses are located within Western Division. For example, according to the Moving Defendants, the emergency care providers that treated Brian Bryant at the scene of the accident are located in Wyandot County, Ohio, and Brian Bryant was transported to Allen County, Ohio for hospital and rehabilitative care. (Doc. No. 8 at 3-4.) Both counties are within the Western Division. *See* Local Rule 3.8. Thus, the convenience of the parties, convenience of the witnesses, and ease of access to sources of proof all support a transfer to the Western Division.

Further, public interest considerations also support a transfer. There is a preference for "resolving controversies in their locale." *Central States*, 8 F. Supp. 2d at 1011. Indeed, justice is better served if the locale where the "case finds its center of gravity" adjudicates the matter. *North*

*Am. Demolition Co. v. FMC Corp.*, No. 5:05CV0104, 2005 WL 1126747, at *3 (N.D. Ohio Apr. 28, 2005). Here, the material aspects of this matter, including the location of the accident, the Plaintiffs themselves, and many, if not all, of the witnesses, are located within the Western Division.

Considering all of the factors together, only Plaintiffs' choice of forum weighs against transfer, but they do not reside in their chosen forum, nor did the operative facts occur there, and numerous other factors support a transfer. Accordingly, the Court finds that the relevant private and public factors weigh strongly in favor of transferring this action to the Western Division, and the Court will grant the Moving Defendants' Motion to Transfer.

## IV. Conclusion

For the reasons set forth above, Plaintiffs' Motion to Remand (Doc. No. 12) is GRANTED IN PART and DENIED IN PART. Plaintiffs' Motion to Remand is GRANTED as to Plaintiffs' action against Community Insurance, which is severed and remanded to state court, and DENIED in all other respects.

The Moving Defendants' Motion to Transfer (Doc. No. 8) is GRANTED as to the remaining parties and claims. The Court ORDERS this case transferred, pursuant to 28 U.S.C. § 1404(a), to the Western Division of the United States District Court for the Northern District of Ohio.

**IT IS SO ORDERED.**

Date: January 6, 2021

  *s/Pamela A. Barker*
PAMELA A. BARKER
U. S. DISTRICT JUDGE

11